IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RICHARD M. VILLARREAL, : <br> ON BEHALF OF HIMSELF AND : <br> ALL OTHERS SIMILARLY : <br> SITUATED, : <br> : <br>            Plaintiff, : <br> : <br>   v. : <br> : <br> R.J. REYNOLDS TOBACCO : <br> COMPANY, PINSTRIPE, INC., : <br> AND CAREERBUILDER, LLC, : <br> : <br>            Defendants. : | CIVIL ACTION NO. <br> 2:12-CV-0138-RWS <br><br> (Collective Action) |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Leave to Amend Complaint [61]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff Richard Villarreal brings this action for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., as a collective action pursuant to 29 U.S.C. § 626(b), (c), and 29 U.S.C. § 216(b). Plaintiff, on behalf of himself and all others similarly situated, claims that Defendants engaged in an unlawful pattern or practice of intentional age

discrimination (disparate treatment) in violation of the ADEA (Count I) and unlawful use of hiring criteria having disparate impact on applicants over 40 years of age in violation of the ADEA (Count II).

On March 6, 2013, this Court granted Defendants' Motion to Dismiss in part, finding that all Plaintiff's claims related to hiring decisions before November 19, 2009 were time-barred under 29 U.S.C. § 626(d)(1)-(A) 180-day limitation period . (Order Dkt. No.[58].)  Further, this Court found that Plaintiff's time-barred claims could not be saved by the continuing violations doctrine or equitable tolling.  Specifically, the Court found that Plaintiff did not meet his burden regarding tolling of the limitations period because he failed to allege how and when he was first alerted to facts giving rise to his discrimination claim. Without such allegations in the complaint, the Court could not determine whether or when those facts should have become apparent to a reasonably prudent person.  Accordingly the Court dismissed Plaintiff's claims arising from the rejection of his November 8, 2007, application.

Plaintiff now seeks to amend his complaint to add facts in support of his discrimination claim relating to his November 8, 2007, application.  Plaintiff's added facts allege that he was unaware that his application may have been

2

rejected for unlawful discriminatory reasons until April 2010.  (Dkt. No. [61] Amended Complaint ¶ 28.)  Plaintiff now alleges that on April 20, 2010, lawyers from Altshuler Berson, LLP notified him that RJ Reynolds used resume review guidelines giving rise to his cause of action.  (Id. at ¶ 30.)  Prior to this communication, Plaintiff "had no knowledge and no reason or means to know" that his application may have been unlawfully rejected. (Id.)

## Discussion

Federal Rule of Civil Procedure 15(a) provides that where, as here, a responsive pleading has been filed, a litigant must seek leave to amend before filing an amended pleading.  Fed. R. Civ. P. 15(a).  "[L]eave," however, }shall be freely given when justice so requires."  Id.  Indeed, a district court should ordinarily deny leave to amend only where the amendment is requested "(1) after undue delay, in bad faith, or with a dilatory motive, (2) when the amendment would be futile, or (3) when the amendment would cause undue delay or prejudice."  Worsham v. Provident Cos., 249 F. Supp. 2d 1325, 1334 (N.D.Ga. 2002).

In this circuit, "[e]quitable tolling is a remedy that must be used sparingly." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).  Further,

3

AO 72A
(Rev.8/82)

"equitable tolling of the limitations period is warranted when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id. at 1319 (internal quotations omitted); see also Bond v. Roche, 2006 WL 50624, at *1-2 (M.D. Ga. Jan. 9, 2006) (a plaintiff has the burden to "show good cause for tolling the limitations period"). To state a claim for equitable tolling, a plaintiff must allege that: (1) he pursued his rights diligently and (2) some extraordinary circumstance stood in his way. See Downs, 520 F.3d at 1324.

Defendants oppose the new allegations on the basis that the amended complaint is futile because it fails to state a claim for equitable tolling. (Dkt. No. [66] at 2.) Defendants contend that the amendment does not allege any extraordinary circumstances that were beyond his control or show good cause to support tolling the limitations period. (Id. at 5.) Further, Plaintiff does not allege any wrongdoing or malfeasance by Defendants. Rather, the new allegations that counsel made Plaintiff aware of the unlawful hiring practices in 2010 do not justify the delayed filing with the EEOC. (Id.)

Upon review of Plaintiff's amended complaint, the Court finds that Plaintiff's proposed amendments do not state a claim for equitable tolling and

4

thus would be futile.  Plaintiff has not alleged any misrepresentations or concealment  that hindered Plaintiff from learning of any alleged discrimination.  In Cabello v. Fernandez–Larios, 402 F.3d 1148 (11th Cir.2005), the Eleventh Circuit held: "[E]quitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her, as is the case here. Additionally, in order to apply equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment." Id. at 1155 (quoting Arce v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005)(internal citation omitted).  Plaintiff made no attempt to contact Defendant and ascertain the basis for his application rejection.  In fact, Plaintiff has not alleged any due diligence on his part to determine the status of his 2007 application.  Plaintiff asserts in his Reply brief that "even if [he] had undertaken the inquires... he would not have discovered the facts necessary to support a charge of discrimination." (Dkt. No. [66] at 11.) While this may be true, had Defendants failed to disclose the alleged discriminatory tactics upon inquiry, Plaintiff would then be able to properly assert concealment or malfeasance on the part of Defendants.  Absent any such

5

allegations, Plaintiff's proposed amendments do not assert a claim that can be saved by equitable tolling. Accordingly, Plaintiff's Motion to Amend [61] is **DENIED**.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Amend [61] is **DENIED**.

**SO ORDERED** this   26th   day of November, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)