# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 22, 2014

James N. Hatten
U.S. District Court
121 SPRING ST SE
STE 201
GAINESVILLE, GA 30501

Appeal Number: 14-12707-BB
Case Style: Richard Villarreal v. Careerbuilder, LLC, et al
District Court Docket No: 2:12-cv-00138-RWS

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Carol R. Lewis, BB/bmc
Phone #: (404) 335-6179

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12707-BB
_____

RICHARD M. VILLARREAL,
on behalf of himself and all others similarly situated,

                                                                 Plaintiff-Appellant,

versus

R.J. REYNOLDS TOBACCO COMPANY,
PINSTRIPE, INC.,

                                                                  Defendants-Appellees,

CAREERBUILDER, LLC,

                                                                  Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

Before:  MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

BY THE COURT:

      The motion to dismiss the appeal for lack of jurisdiction brought by Defendants-Appellees R.J. Reynolds Tobacco Company and Pinstripe, Inc. is GRANTED and this appeal is DISMISSED for lack of jurisdiction.  The district court's March 6, 2013 order granting Appellees' partial motion to dismiss and November 26, 2013 order denying leave to amend are not amenable to Fed.R.Civ.P. 54(b) certification.  Accordingly, we lack jurisdiction to hear the appeal because it is not from a final judgment.  *See* 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b).

Appellant Richard Villarreal asserts entitlement to relief on behalf of himself and others similarly situated based on an alleged pattern and practice of age discrimination (Count I of Villarreal's complaint) and the alleged disparate impact of the use of unlawful hiring criteria (Count II of the complaint). The district court dismissed Count II after determining that the disparate-impact theory was not available to Villarreal and dismissed all claims under Count I of the complaint involving alleged failures to hire that occurred before November 19, 2009. That left intact the disparate-treatment claims relating to failures to hire that occurred on or after November 19, 2009, pursuant to an alleged pattern and practice of age discrimination.

Recoveries under the theories espoused in Counts I and II of the complaint are mutually exclusive. As pled, Villarreal could not recover twice for the same conduct under his disparate-treatment claim and his disparate-impact claim since both counts arise out of the same facts and contemplate the same relief. Because any relief that Villarreal could recover for his remaining claims under his disparate-treatment count necessarily substantially overlaps with—and, under some scenarios, may be exactly the same as—the relief that he could recover if he prevailed on the dismissed disparate-impact count, the appealed district court order does not qualify as final and thus appealable for purposes of Rule 54(b), Fed. R. Civ. P. *See In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (claims are not "final" for purposes of Rule 54(b) when the possible recoveries under various portions of the complaint are mutually exclusive or substantially overlap). As for the disparate-treatment claims dismissed as time-barred, these claims also substantially overlap with the dismissed disparate-impact claims for the same period. For the same reason, therefore, the order dismissing these claims is not final for purposes of Rule 54(b).

As the district court did not finally adjudicate any claim for relief separable under Rule 54(b), we lack jurisdiction to hear the appeal.  Any motions that remain pending are DENIED as moot.